IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MAZEN and NINA SHAHIN, | § | |
| | § | |
| Appellants Below, | § | No. 82, 2016 |
| Appellants, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| CITY OF DOVER BOARD OF | § | C.A. No. K15A-08-004 |
| ASSESSMENT APPEALS, | § | |
| | § | |
| Appellee Below, | § | |
| Appellee. | § | |

Submitted: July 15, 2016
Decided: September 27, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 27th day of September 2016, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellants, Mazen and Nina Shahin, appeal the Superior Court's order affirming the decision of the City of Dover Board of Assessment Appeals ("Board of Assessment") to deny the Shahins' appeal of the 2014 assessment of a property located at 103 Shinnecock Road in Dover, Delaware (the "Shahin Property").[1] We find no merit to the Shahins' appeal and affirm the Superior Court's judgment.

---

[1] *Shahin v. City of Dover Bd. of Assessment Appeals*, 2016 WL 520996 (Del. Jan. 22, 2016).

(2) The record reflects that, in 2014, the City of Dover conducted a reassessment of property values in the city. The Shahin Property was assessed at $247,100, which was 13% less than the 2010 assessed value of $286,700.[2] The Shahins filed a petition for appeal and requested an assessment of $223,100 (the amount they paid for the property in 2002). The Shahins identified overvaluation, a sink hole in their front yard, and national original discrimination as the grounds for the appeal. In a decision dated July 28, 2015, the Board of Assessment denied the Shahins' appeal.

(3) On August 27, 2015, the Shahins filed a notice of appeal in the Superior Court. The Shahins claimed, among other things, that the assessment of the Shahin Property was too high and that the City of Dover's assessments were discriminatory in violation of the Federal Fair Housing Act, 42 U.S.C. 3601 § *et seq.* ("FHA") and 42 U.S.C. § 1983. The Superior Court found that the Shahins had not shown the Shahin Property was subject to substantial overvaluation, the Board of Assessment did not act contrary to law, fraudulently, arbitrarily, or capriciously, and affirmed the decision of the Board of Assessment Appeals.[3] The Shahins filed an untimely motion for reargument, which the Superior Court denied. This appeal followed.

---

[2] The Shahins unsuccessfully challenged the 2010 assessment. *Shahin v. City of Dover, Bd. of Assessment*, 2011 WL 704490 (Del. Super. Ct. Feb. 28, 2011), *aff'd*, 2011 WL 4055405 (Del. Sept. 12, 2011).
[3] *Shahin*, 2016 WL 520996, at *3.

2

(4)    Under Delaware law, a property owner seeking a reduction in a property assessment has a substantial evidentiary burden at both the administrative and appellate levels.[4]  Before the Board of Assessment, there is a presumption of accuracy in favor of the existing assessment, which the property owner may only rebut with evidence of "substantial overvaluation."[5]  On appeal to the Superior Court, and on further appeal to this Court, the decision of the Board of Assessment is deemed to be "prima facie correct" and will be disturbed only if the appellant can demonstrate that the Board of Assessment "acted contrary to law, fraudulently, arbitrarily or capriciously."[6]

(5)    Under Delaware law, real estate tax assessments must be based on the property's fair market value.[7]  The definition of fair market value is "the price which would be agreed upon by a willing seller and a willing buyer, under ordinary circumstances, neither party being under any compulsion to buy or sell."[8]  One of the three principal methods of determining fair market value is comparable sales.[9] The Board of Assessment is presumed to have the necessary expertise to evaluate

---

[4] *Seaford Associates, L.P. v. Board of Assessment Review*, 539 A.2d 1045, 1047–48 (Del. 1988).

[5] *Id.* (citing *Fitzsimmons v. McCorkle*, 214 A.2d 334, 337 (Del.1965)).

[6] 9 *Del. C.* § 8312(c); *Board of Assessment Review v. Stewart*, 378 A.2d 113, 116 (Del. 1977).

[7] *New Castle County Dep't. of Fin. v. Teachers Insur. and Annuity Assoc.*, 669 A.2d 100, 102 (Del. 1995).

[8] *Seaford*, 539 A.2d at 1048.

[9] *New Castle County*, 378 A.2d at 102.  The other two methods are income capitalization and reproduction cost. *Id.*  Income capitalization is best-suited for valuations of income-producing properties and reproduction cost is best used for establishing a ceiling on value. *Seaford*, 539 A.2d at 1048–49.

competing methods of property valuation and make an informed judgment as to which method is more persuasive.[10]

(6)    The transcript of the Board of Assessment hearing reflects that Nina Shahin relied on sale prices, 2010 assessment values, and 2014 assessment values of numerous properties in her neighborhood, her identification of the national origin and race of some of the property owners in her neighborhood, and the existence of a sink hole in her yard to argue that the 2014 assessment of the Shahin Property was too high and discriminatory. On behalf of the city, Ryan Zuck of Tyler Technologies argued that the assessment of the Shahin Property was reasonable based on the sale prices of comparable nearby properties between May 2013 and December 2014.

(7)    In its deliberations and decision, the Board of Assessment determined that comparison of sale prices, sometimes from many years back, to assessed values in 2010 and assessed values in 2014 was not helpful because there was significant movement in the real estate market over the past two decades and properties could have changed substantially in that time. The Board of Assessment noted that the assessed value per square foot of the Shahins' house ($97.28) was less than the same model house next door ($108.13 per square foot under the December 2014 sale price and $107.78 per square foot under the 2014 assessed value). Based on this comparison, the Board of Assessment denied the Shahins' appeal.

_____

[10] *Shahin*, 2011 WL 704490, at *1 (citing *New Castle County*, 378 A.2d at 102-03).

4

(8)     Having carefully reviewed the record and the parties' submissions in this case, we conclude that the Shahins failed to overcome the presumption of accuracy in favor of the existing assessment of their property. To overcome this presumption, the Shahins had to provide evidence of substantial overvaluation of their property. The Shahins' cherry-picking of sale prices and assessment values for various properties throughout their neighborhood and self-serving testimony about the quality of those properties does not meet this standard. As the Board of Assessment noted in its deliberations, the Shahin Property was assessed for less than the same model house next door.

(9)     In the absence of any evidence that the Board of Assessment acted "contrary to law, fraudulently, arbitrarily or capriciously," we will affirm the decision of the Board of Assessment. The Shahins' allegations of discrimination, which are based on their personal identification of the race or national origin of some of the property owners in their neighborhood, do not show that the Board of Assessment acted contrary to law, fraudulently, arbitrarily or capriciously in denying their appeal. To the extent the Shahins allege that the City of Dover's assessments violate the FHA and the Delaware Fair Housing Act, 6 *Del. C.* § 4600 *et seq.* and

5

seek to recover compensatory and punitive damages, those claims are not properly before this Court.[11]

(10) Contrary to the Shahins' contentions, the Superior Court's incorrect statement that the Shahins claimed their house was 2580 square feet (instead of 2540 square feet) does not require reversal of the Superior Court order. The Board of Assessment hearing transcript reflects that the Board of Assessment used the 2540 square footage figure identified by the Shahins in its consideration of the Shahins' appeal. As to the Shahins' attacks on the Superior Court's denial of their motion for reargument, the motion for reargument was untimely[12] and the Superior Court could not extend the deadline for the motion for reargument.[13] Finally, the Shahins' accusations of racketeering and attorney misconduct, which were not raised in the Board of Assessment and include events outside of this proceeding, are not properly before this Court.[14]

---

[11] The Shahins raised national original discrimination in the Board of Assessment, but did not assert violations of the FHA until the Superior Court proceedings and did not assert violations of the Delaware Fair Housing Act until this appeal. Both of those statutes set forth detailed procedures for obtaining relief (42 U.S.C. §§ 3610, 3612-3614 and 6 *Del. C.* §§ 4610, 4612-14 respectively). The Board of Assessment process is not the proper place for such claims. *Cf. Tatten Partners v. New Castle County Bd. of Assessment Review*, 642 A.2d 1251, 1263 (Del. Super. Ct. 1993) (holding action arising under § 1983 was not within the Board of Assessment's statutory authority or the Superior Court's appellate jurisdiction), *aff'd*, 647 A.2d 382 (Del. 1994).

[12] Super. Ct. Civ. R. 59(e) (providing motion for reargument must be filed within five days after filing of the Superior Court decision). The Superior Court order was filed on January 22, 2016 (and mailed on January 25, 2016). The Shahins filed their motion for reargument on February 5, 2016.

[13] Super. Ct. Civ. R. 6(b) (providing the Superior Court cannot extend the deadline for taking any action under Rule 59(e)).

[14] Supr. Ct. R. 8.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice